UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Tressa R. Glover Parker;** and **Avian Renata Parker**, | ) C/A No. 5:05-3158-JFA-BM ) ) |
| Plaintiffs | ) |
| vs. | ) Report and Recommendation ) |
| Wachovia Bank; A. DeWal Waters, Main & Waters Est.; Sam Waters, RTTLLC; Randy Waters, Wachovia; Orangeburg Consolidated School Dist. 5; Jay Anderson, South East Title Services; Katherine Barroll, RTTLLC - Wachovia; Stephen Cox, Robinson LLC, Wachovia; Slaughter Investment Properties Inc.; Melvin Smoak; Charlie Spell; John Richenbacker; Carolyn Gamble; Nancy Ford; Willie Bill Gamble; Mary Brown; Stroman and Sons Contractors; Jeffrey Watford; Hamp Thornton; Stan Matthews; and John Cunningham, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. _____ | ) ) |

This is a civil action filed pro se. Plaintiffs,[1] requesting to proceed *in forma pauperis* (IFP) (Entry 3), have submitted a Complaint naming twenty-one (21) Defendants, some of whom Plaintiffs claim "conspired" with another Defendant, Wachovia Bank, in presenting alleged fraudulent and/or counterfeit documents in Plaintiff Tressa Glover Parker's currently

---

[1]Although the name "Avian Renata Parker" is listed in the caption of the Complaint in the space for the names of Plaintiffs, there is no signature for this alleged "Plaintiff" on any of the pleadings submitted.



1

pending bankruptcy action, *see* In re: Tressa Renae Glover, BR Action No. 04-8700-B, and in connection with a state court mortgage foreclosure action in Orangeburg County, South Carolina.  The allegations contained in Plaintiffs' Complaint are very similar, if not identical, to those raised in another case previously filed by Plaintiff Tressa Glover Parker in this Court. See Parker v. Rogers, Townsend, & Thomas, Civil Action No. 5:04-22938-JFA-BM. That case was recently dismissed without prejudice. However, rather than file an appeal from that dismissal with the Fourth Circuit Court of Appeals, Plaintiffs have submitted the present case to this Court.  *See* Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

    Many of the same Defendants sued in Civil Action No. 5:04-22938-JFA-BM are also named as Defendants in this case, although there are only allegations of wrongdoing against a few of the Defendants contained in the Complaint. Specifically, despite their having been named as Defendants by Plaintiffs, a review of the Complaint discloses no allegations whatsoever against Defendants Orangeburg Consolidated School Dist. 5; Katherine Barroll; Stephen Cox; Melvin Smoak; Charlie Spell; John Richenbacker; Carolyn Gamble; Nancy Ford; Willie Bill Gamble; Mary Brown; Stroman and Sons Contractors; Jeffrey Watford; Hamp Thornton; Stan Matthews; or John Cunningham.  In their request for relief, Plaintiffs only ask this Court to order Defendant Wachovia to pay off a "one hundred and forty-five thousand U.S. dollars ... mortgage loan" and to pay $50,000 in damages and attorneys' fees.  No relief is requested from any other  Defendant.

    Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiffs in this case.  The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation



Reform Act, in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## Discussion

Initially, this case should be summarily dismissed for frivolity as to Defendants Orangeburg Consolidated School Dist. 5; Katherine Barroll; Stephen Cox; Melvin Smoak; Charlie Spell; John Richenbacker; Carolyn Gamble; Nancy Ford; Willie Bill Gamble; Mary Brown; Stroman and Sons Contractors; Jeffrey Watford; Hamp Thornton; Stan Matthews; and John Cunningham, because Plaintiffs do not set forth any allegations of specific wrongdoing on their parts and therefore do not state any type of viable cause of action against these Defendants. Under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action filed by a



3

prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Since there are no allegations of any wrongdoing on the part of any of these fifteen (15) Defendants, Plaintiffs' Complaint is both frivolous and fails to state a claim on which relief can be granted as to these "Defendants."  See Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Social Servs., 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

The case should also be dismissed as to Defendants A. DeWal Waters; Sam Waters; Randy Waters; Slaughter Investment Properties Inc.; and Jay Anderson for frivolity and failure to state a claim because, even though Plaintiffs' claim that these Defendants "conspired against the plaintiff ...," there is no request for any relief from these Defendants. As a result, the Court has no idea what, if anything, Plaintiffs desire the Court to do about this alleged "conspiracy."  When a plaintiff fails to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions, however."  Humphreys v. Renner, 1996 WL 88804 (N.D. Cal., February 26, 1996), *following* FCC v. Pacifica Foundation, 438 U.S. 726, 735 (1978)("[F]ederal courts have never been empowered to issue advisory opinions."); *see* Herb v. Pitcairn, 324 U.S. 117, 126 (1945)("We are not permitted to render an advisory opinion[.]");  *see also* Neitzke v. Williams, 490 U.S. at 322-330 (under 28 U.S.C. § 1915 a claim is frivolous and may be dismissed where it is presented in a patently insubstantial complaint, petition, or pleading).

Finally, this case should also be summarily dismissed as to the sole remaining Defendant, Wachovia Bank.  To the extent Plaintiffs seek damages for actions taken by this Defendant in a state court real estate foreclosure action, the proceedings and rulings made



4

in the foreclosure action in the Orangeburg County Common Pleas Court cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case. Hence, Plaintiffs' claim is barred by the Rooker/Feldman Doctrine. *See* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983)( a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.). *See also* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the Rooker-Feldman doctrine or the Feldman-Rooker doctrine. *See, e.g.,* Ivy Club v. Edwards, 943 F.2d 270, 24 (3d Cir. 1991). The Rooker-Feldman Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues such as Plaintiffs attempt to raise in this case. *See* Arthur v. Supreme Court of Iowa, 709 F. Supp. 157, 160 (S.D. Iowa 1989). The doctrine also applies even if the state court litigation has not reached a state's highest court. *See* Worldwide Church of God v. McNair, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986); *see also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); Robart Wood & Wire Prods. v. Namaco Indus., 797 F.2d 176, 178 (4th Cir. 1986).

Further, because the Rooker-Feldman Doctrine is jurisdictional it may be raised by the Court *sua sponte*. The place for Plaintiffs to raise their claims for fraud against Wachovia is in the court where the alleged fraud occurred, and, if unsuccessful there, then Plaintiffs should appeal within the state court system. This federal court cannot function as a *de facto* appellate court for a state foreclosure judgment as Plaintiffs seek to have it do in this case.



5

Moreover, to the extent that Plaintiffs attempt to raise issues regarding Wachovia's activities in connection with Plaintiff Tressa Glover Parker's pending bankruptcy action, the Complaint is also subject to summary dismissal for lack of jurisdiction. As previously stated, that bankruptcy case is still pending, and the place for Plaintiffs to raise such issues is in the bankruptcy court and/or through a proper appeal from a final order of the bankruptcy court. See 28 U.S.C. § 158. Plaintiffs do not allege anywhere within their Complaint that they are seeking to file such an appeal, nor does the bankruptcy court's docket show any type of appeal action in progress.[2] See St. Louis Baptist Temple, Inc. v. FDIC., 605 F.2d 1169, 1172 (10th Cir. 1979) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue); United States ex rel. Geisler v. Walters, 510 F.2d 887 (3rd Cir. 1975)(same); Rhodes v. Houston, 309 F.2d 959 (8th Cir. 1963)(same). Plaintiffs' only allegations about the bankruptcy case are to the effect that Wachovia proceeded with the state foreclosure action without proper authorization from the bankruptcy court; however, Plaintiffs do not point to any particular interlocutory or final ruling or order of the bankruptcy court that was allegedly violated or that was allegedly wrongfully entered. See Armstrong v. Corn Belt Bank, 55 B.R. 755 (D. Ill. 1985)(only final orders by bankruptcy courts are appealable to district courts without prior authorization from the bankruptcy court); Sterling Supply Corp. v. Mullinax, 154 B.R. 660 (E.D. Pa. 1993)(party must obtain leave of district court to appeal from interlocutory order of bankruptcy court). Furthermore, a complaint seeking damages, but not specifically addressing any particular allegedly improper order or orders of the

---

[2]Although Plaintiffs did check the box in front of the listing for bankruptcy appeals on their civil cover sheet (Entry 2), they also checked the box for the listing for "all other real property" and they checked the box in front of the listing for "U.S. Government Plaintiff," which is clearly not proper in this case. It is clear that Plaintiffs did not understand the form or its purpose.



6

bankruptcy court, is clearly not the type of pleading with which to institute a valid bankruptcy appeal in this Court, and, accordingly, Plaintiff's pleading should not be construed as a bankruptcy appeal.

### Recommendation

Based on the foregoing, the Complaint in this case is frivolous, and the Court is without jurisdiction to consider Plaintiffs' contentions. Therefore, it is recommended that this case be summarily dismissed, without prejudice. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; *see also* In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

Plaintiffs' attention is directed to the important information on the following page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

November 23, 2005
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The *Serious Consequences* of a Failure to Do So**

  The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

  During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
